# EXHIBIT A

IN THE SUPERIOR COURT OF TIFT COUNTY
STATE OF GEORGIA

EDNA HORTON, by and through her
next friend, LUCILLE SMITH,

    Plaintiff

vs.

GGNSC TIFTON LLC. and
GGNSC EQUITY HOLDINGS LLC.

    Defendants

CIVIL ACTION NO.: 2010 CV 949

## SUMMONS

TO:   GGNSC EQUITY HOLDINGS LLC
       c/o Corporation Service Company (Reg. Agent)
       2711 Centerville Road, Ste 400
       Wilmington, DE 19808

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Eric K. Milles, Esquire
        GARVIN & MILLES
        1582 Village Square Boulevard
        Tallahassee, FL 32309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in this complaint.

This ___23___ day of ___NOV___, 2010.

Clerk of Tift County Superior Court

By: _____
　　　　　　　Deputy Clerk

IN THE SUPERIOR COURT OF TIFT COUNTY
STATE OF GEORGIA

EDNA HORTON, by and through her
next friend, LUCILLE SMITH,

        Plaintiff

vs.

GGNSC TIFTON LLC. and
GGNSC EQUITY HOLDINGS LLC.

        Defendants

2010 CV 949

CIVIL ACTION NO.:

FILED IN OFFICE
NOV 2 3 2010
GWEN PATE, CLERK OF COURT

## COMPLAINT

COMES NOW EDNA HORTON, Plaintiff in the above-styled action by and through her next friend, LUCILLE SMITH, and files her Complaint against GGNSC TIFTON LLC and GGNSC EQUITY HOLDINGS LLC. In support thereof Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, EDNA HORTON is a resident of Georgia, and incompetent due to dementia.

2. LUCILLE SMITH is EDNA HORTON's daughter, attorney in fact, and is a resident of Valdosta, Georgia.

3. Defendant, GGNSC TIFTON LLC, with the physical address of 1451 Newton Drive, Tifton, GA 31794, which is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Defendant, GGNSC EQUITY HOLDINGS LLC, with the address of 1000 Fiana Way, Fort Smith, AR 72919, which is subject to the jurisdiction and venue of this

1

Court. Service of process may be perfected upon its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. During the time frame relevant to the issues in this case, GGNSC EQUITY HOLDINGS LLC owned, operated, dominated, managed, and made personnel decisions regarding GOLDEN LIVING CENTER - TIFTON, and employed the personnel at GOLDEN LIVING CENTER - TIFTON directly and/or through its alter ego, agent, apparent agent, and wholly owned subsidiary Defendant, GGNSC TIFTON LLC.

6. During the time frame relevant to the issues in this case, GGNSC TIFTON LLC was the licensee of GOLDEN LIVING CENTER - TIFTON.

7. GOLDEN LIVING CENTER - TIFTON is the skilled nursing facility located at the physical address of 1451 Newton Drive, Tifton, GA 31794.

8. This action is an action for damages in excess of Ten Thousand Dollars ($10,000.00).

9. Venue is proper in the Superior Court of Tift County since the causes of action accrued in whole or in part in Tift County and Defendants transact business in and/or reside in Tift County.

## FACTS

10. EDNA HORTON was initially admitted to GOLDEN LIVING CENTER - TIFTON on November 10, 2009 without any pressure ulcers.

11. During all relevant times, EDNA HORTON was a resident of GOLDEN LIVING CENTER - TIFTON and in GOLDEN LIVING CENTER - TIFTON and its staff's care and custody.

12. EDNA HORTON paid or on EDNA HORTON's behalf payments were made for the care, services and skilled nursing of GOLDEN LIVING CENTER – TIFTON and its staff.

13. Defendants, at all relevant times, had a statutory duty to provide each resident, including EDNA HORTON, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being.

14. While in the care and custody of Defendants, EDNA HORTON was not provided with adequate pressure ulcer prevention and treatment.

15. While in the care and custody of Defendants, a pressure ulcer to EDNA HORTON's right buttock area developed and worsened into a massive, infected Stage IV pressure ulcer.

16. While in the care and custody of Defendants, numerous other pressure ulcers developed and/or worsened on EDNA HORTON.

17. While in the care and custody of Defendants, EDNA HORTON suffered from dehydration, volume depletion, acute renal failure, sepsis and urinary tract infection.

## COUNT I - NEGLIGENCE

18. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 17 above.

19. Defendants had full legal authority and responsibility for the operation of GOLDEN LIVING CENTER – TIFTON during all relevant times of EDNA HORTON's residency.

20. Defendants owed a non-delegable duty to EDNA HORTON to exercise reasonable care while she was a resident at GOLDEN LIVING CENTER – TIFTON.

21. Defendants are liable for the negligence of any staff working at GOLDEN LIVING CENTER – TIFTON and/or Defendant's employees based on the theory of respondeat superior, agency and/or apparent agency.

22. Defendants' employees negligently cared for EDITH HORTON by failing to exercise reasonable care:

   a) failing to adequately monitor and document the condition of EDITH HORTON's skin breakdown;
   b) failing to provide adequate pressure relief;
   c) failing to adequately provide a plan of care to EDITH HORTON;
   d) failing to provide adequate hydration; and
   e) failing to provide adequate infection prevention.

23. As a direct and proximate result of the negligence of Defendants and/or Defendants' employees, EDITH HORTON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

## COUNT II - PROFESSIONAL NEGLIGENCE

24. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 23 above.

25. Defendants' negligence, includes those negligent acts and/or omissions set forth in the Affidavit of Denise DeRome, R.N., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1. This Affidavit is incorporated into this Complaint as Exhibit "A".

26. A medial authorization form is attached to this Complaint as Exhibit "B" to be in compliance with O.C.G.A. § 9-11-9.2(a). However, expressly states that Defendants assume the risk for any violation of the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPAA").

27.  As a direct and proximate result of the negligence of the Defendants and/or Defendants' employees, EDITH HORTON, sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

28.  EDITH HORTON is entitled to recover all damages, which the jury determines to be proper including damages for her pain and suffering and medical expenses.

## COUNT III - NEGLIGENCE PER SE

### Violation of Bill of Rights -- O.C.G.A. SEC. 31-8-100, *et. seq.*

29.  Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 28 above.

30.  The Georgia Bill of Rights for Residents of Long-Term Care Facilities was enacted to protect nursing home residents, such as EDITH HORTON, from abuse and neglect and to ensure their dignity and personal integrity.

31.  The Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, including EDITH HORTON, are entitled to receive care, treatment, and services, which are adequate and appropriate.

32.  Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

33.  Defendants' acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violate the Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, EDITH HORTON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

34. EDITH HORTON is entitled to recover all damages, which the jury determines to be proper including damages for EDITH HORTON's pain and suffering and medical expenses.

## COUNT IV - STATUTORY CAUSE OF ACTION

35. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 34 above.

36. O.C.G.A. § 31-8-126 expressly provides that "[a]ny person or persons aggrieved because a long-term care facility has violated or failed to provide any right granted under this article shall have a cause of action against such facility for damages and such other relief as the court having jurisdiction of the action deems proper."

37. The Georgia Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, such as EDITH HORTON, are entitled to receive care, treatment, and services, which are adequate and appropriate.

38. Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

39. Defendant's acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violated the Georgia Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, EDITH HORTON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

40. EDITH HORTON is entitled to recover all damages which the court deems proper and the jury determines to be proper including damages for EDITH HORTON's pain and suffering and medical expenses.

## COUNT V – WILFUL, WANTON, RECKLESS CONDUCT

41. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 40 above.

42. Defendants' and their employee's repeated and continuous failures as set forth herein rise to the level of displaying wilful, wanton, and reckless disregard and evidence an entire want of care, which would raise a presumption of conscious indifference to the consequences.

43. Defendants' conduct is such that Plaintiffs are entitled to punitive damages from Defendants, therefore in order to punish, penalize and deter Defendants from further repetition of the conduct alleged herein.

44. WHEREFORE, Plaintiff prays for the following:

a. that Summons be issued and served upon the Defendant as provided by law;
b. that all issues herein be tried before a jury;
c. that the Plaintiff has judgment entered in his favor against the Defendant, jointly and severally in an amount in excess of $10,000 for all damages, together with punitive, recoverable by law;
d. that all costs of this action be cast against the Defendant; and
e. that Plaintiff has such other relief as is just and proper.

Respectfully Submitted,

Erick K. Milles, Esq.
GA Bar # 508982
GARVIN & MILLES, P.A.
1582 Village Square Blvd.
Tallahassee, FL 32309
(850) 422-3400 (telephone)
(850) 906-9878 (facsimile)

7

## AFFIDAVIT

STATE OF GEORGIA
COUNTY OF Gwinnett

Before me, the undersigned officer duly authorized to administer oaths came Denise DeRome, who after first being duly sworn, states as follows:

1.

I am Registered Nurse licensed to practice nursing in the State of Georgia. I have devoted professional time during 3 of the last 5 years immediately preceding the date of the occurrence that is the basis of this Affidavit to the active clinical practice of nursing. By reason of my active clinical practice, I have knowledge of the applicable standard of care for nurses, or other medical support staff.

2.

Based upon my education, training and experience, I am familiar with that degree of care and skill ordinarily exercised by nursing homes, nursing staff (including R.N.s, L.P.N.s and C.N.A.s) under the same or similar circumstances or like surrounding conditions (the "Standard of Care"). Specifically, I am familiar with the care and treatment of patients such as Edna Horton as her condition is reflected in the medical records that I have reviewed.

3.

I have personally reviewed the following medical records pertaining to Edna Horton:

    a.    Tift Regional Medical Center
    b.    Golden Living Center



EXHIBIT A

4.

Based upon my education, training and experience, and upon the information contained in the documents that I have reviewed, it is my opinion that Golden Living Center and the nursing staff who were charged with the care and treatment of Edna Horton during her residency at Golden Living Center, failed to exercise the degree of care and skill ordinarily exercised by nursing homes, nursing staff, and members of the medical profession generally under the same or similar circumstances or like surrounding conditions (the "Standard of Care"). It is my opinion that these failures resulted in Edna Horton suffering several serious pressure ulcers and repeated episodes of dehydration.

5.

Golden Living Center and the nursing staff had the following duties under the standard of care including, but not limited, to the following:

a. The duty to implement adequate and appropriate measures to prevent the development of pressure ulcers;

b. The duty to implement adequate and appropriate measures to prevent dehydration; and

c. The duty to accurately and properly assess Edna Horton's skin condition.

6.

It is my professional opinion, that Golden Living Center and its nursing staff deviated from the standard of care and breached the above-stated duties for similarly situated health care providers in their care and treatment for Edna Horton in the following ways:

    a.    failing to accurately assess Edna Horton's skin condition;

    b.    failing to adequately monitor hydration and fluid intake; and

    c.    failing to provide adequate turning and repositioning and pressure relief interventions.

7.

It is my opinion that the above failures and/or omissions demonstrated breaches of the prevailing professional standards of care by the health providers at Golden Living Center and it nursing staff's resulted in injuries to Edna Horton, including the development and/or progression of multiple pressure ulcers and repeated episodes of dehydration.

8.

I further state, that to the best of my knowledge, I have never had any opinions disqualified in any administrative forum, court of law, or other proceedings, nor have I ever been disqualified as an expert witness. I have never been found guilty of fraud or perjury in any jurisdiction.

FURTHER AFFIANT SAYETH NOT.

_____
Denise DeRome, R.N.

The forgoing Affidavit was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this 12 day of

_Oct._____, 2010, by Denise DeRome, R.N., who is either personally known to me or produced the following identification: _____ _drivers licen_____.

_Helen Rebuck_
Notary Signature

_Helen Rebuck_
Printed Name

HELEN REBUCK
MY COMMISSION EXPIRES
AUGUST 27TH 2011
GWINNETT COUNTY GA
NOTARY PUBLIC

IN THE SUPERIOR COURT OF TIFT COUNTY
STATE OF GEORGIA

EDNA HORTON, by and through her
next friend, LUCILLE SMITH,

    Plaintiff

vs.                              CIVIL ACTION NO.:

GGNSC TIFTON LLC, and
GGNSC EQUITY HOLDINGS LLC,

    Defendants
_____/

## O.C.G.A. § 9-11-9.2 AUTHORIZATION

COMES NOW Plaintiff in the above-styled action, submits this Authorization pursuant to O.C.G.A. § 9-11-9.2

I, LUCILLE SMITH, hereby authorize the attorney representing GGNSC TIFTON LLC and GGNSC EQUITY HOLDINGS LLC, to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the Complaint, which pertain to EDNA M. HORTON. This authorization includes said defense attorney's right to discuss the care and treatment of EDNA M. HORTON with all of EDNA M. HORTON's treating physicians.

This authorization provides for the release of all protected health information **except information that is considered privileged** and authorizes the release of such information to said defense attorney by any physician or health care facility by which health care records of EDNA M. HORTON are maintained.

I request that you notify my attorney, Eric K. Milles, Esq., GARVIN & MILLES, 1582 Village Square Boulevard, Tallahassee, FL, 32309, (850) 422-3400, in the event you provide the protected health information to anyone. I also request that you notify my attorney of any request



by defense counsel for you to meet with defense counsel to discuss any protected health information and further request that my attorney be allowed to attend any such meeting.

Dated this \_15\_ day of \_Nov\_ 2010.

*[signature]*
LUCILLE SMITH