**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**EDNA HORTON, by and through her :**
**next friend, LUCILLE SMITH,          :**
                                                      **:**
     **Plaintiffs,                              :**
                                                      **:          Civil Action No.**
     **v.                                           :          7:11-cv-5 (HL)**
                                                      **:**
**GGNSC TIFTON LLC and GGNSC   :**
**EQUITY HOLDINGS, LLC,              :**
                                                      **:**
     **Defendants.                           :**
**_____:**

## ORDER

On January 12, 2011, the Defendants filed a notice of removal in this Court

asserting that the basis for this Court's jurisdiction is diversity.  Consistent with the

practices of this Court, the notice of removal and complaint were subject to an initial

review to determine whether the jurisdictional requirements have been met.  For the

following reasons, the Court concludes the Defendants have failed to establish the

elements of diversity jurisdiction.  The Defendants shall have until February 7, 2011

to amend their notice of removal and to cure the jurisdictional defects.

**I.      BACKGROUND**

The Plaintiff filed a complaint in the Superior Court of Tift County.  The

complaint alleges that the Plaintiff developed pressure ulcers including "a massive,

infected Stage IV pressure ulcer" while in the custody of medical staff at the Golden

Living Center-Tifton (Compl. ¶¶ 15, 16).  She also "suffered from dehydration,

volume depletion, acute renal failure, sepsis and urinary tract infection." (Compl. ¶ 17). She claims her injuries were caused by the negligence of the Defendants and/or the Defendants' employees. (Comp. ¶¶ 23, 27, 33, 39). She alleges that she has "sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care" (Compl ¶¶ 23, 39). She seeks all recoverable damages, including damages for her pain and suffering and medical expenses. (See e.g., Compl. ¶ 28). She also requests punitive damages on the basis that the conduct "[rose] to the level of displaying willful, wanton and reckless disregard and evidence and entire want of care . . . ." (Compl. ¶ 42). The complaint states a damages demand in excess of $10,000. (Compl. ¶ 44).

## II.  ESTABLISHING DIVERSITY JURISDICTION ON REMOVAL

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties; and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Because this case was originally filed in state court and removed to this Court by the Defendants, the Defendants bear the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir.

2001). Moreover, because the Plaintiff has not pled a specific amount of damages, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. Removal is proper if it is apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. Id.

It appears from the notice of removal and the complaint that there exists diversity of citizenship. The amount in controversy element, however, is not satisfied.

## III.    AMOUNT IN CONTROVERSY

It is not apparent from the face of the complaint or the notice of removal that the amount in controversy exceeds the jurisdictional requirement. The complaint demands damages in excess of $10,000, but that demand falls short of establishing $75,000 threshold. There are no specific allegations with respect to the amount of medical expenses the Plaintiff has incurred. Moreover, the nature of the Plaintiff's injuries do not appear to the Court to be severe enough to cause damages in excess of $75,000. For example, there are no allegations that the Plaintiff was permanently injured or that her injuries required surgery or other intensive forms of medical treatment.

The fact that the Plaintiff requests punitive damages also does not demonstrate the amount in controversy in this case exceeds $75,000. The mere

demand for punitive damages is not probative of the amount in controversy.  See

Jackson v. Am. Gen. Fin. Servs., Inc., No. 7:06-cv-19, 2006 WL 997614, at *3 (M.D.

Ga. Apr. 17, 2006) (finding that the demand for punitive damages in the complaint

would not be used to determine whether the amount in controversy is satisfied when

the defendant relied solely on the demand for punitive damages and provided no

evidence to show the Court that the amount of punitive damages would be in excess

of the jurisdictional requirement).

The Defendants have not explained why the facts of this case would support

a large enough punitive damages award to exceed the jurisdictional threshold.

Though the damages in this case may exceed $75,000, the Court cannot accept the

Defendants' assertion that when combined with other damages, an award of punitive

damages would push the amount in controversy over $75,000.

Given that the Defendants have failed to establish the amount in controversy,

their allegations of jurisdiction are defective.  The Defendants shall have until

February 7, 2011 to cure the jurisdictional defects by filing an amended notice of

removal.

**SO ORDERED**, this the 24th day of January, 2011.


_s/ Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

lmc